GREGORY, Circuit Judge,
concurring:
After erroneously concluding that appellant Hurlbert lacked standing to proceed with his claim, the district court stated that even if Hurlbert had standing “it is unlikely that [he] would have succeeded on the merits.” McBurney v. Mims, No. 3:09-CV-44, 2009 WL 1209037, at *6, 2009 U.S. Dist. LEXIS 36971, at *23 (E.D.Va. May 1, 2009). In my view, this conclusion is based on a clearly incorrect interpretation of the Privileges and Immunities Clause. So while I join Judge Siler’s opinion in full, I write separately to address a legal error that appears likely to recur without further guidance from this Court. See Levy v. Lexington County, S.C. Sch. Dist. Three Bd. of Trustees, 589 F.3d 708, 716 (4th Cir.2009).
The Privileges and Immunities Clause in Article IV Section 2 of the Constitution requires that states treat their residents and nonresidents alike in matters “ ‘bearing on the vitality of the Nation as a single entity.’” Sup.Ct. of N.H. v. Piper, 470 U.S. 274, 279, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985) (quoting Baldwin v. Mont. Fish & Game Comm’n, 436 U.S. 371, 383, 98 S.Ct. 1852, 56 L.Ed.2d 354 (1978)). The Clause protects several rights, including the right of one state’s citizens to engage in economic activity in another state “on terms of substantial equality with the citizens of that State.” Toomer v. Witsell, 334 U.S. 385, 396, 68 S.Ct. 1156, 92 L.Ed. 1460 (1948). Specifically, the Supreme Court has held that under the Privileges and Immunities Clause, states may not discriminate against nonresidents when distributing professional licenses, nor may they prohibit nonresidents from engaging in economic activity that residents may engage in. See Piper, 470 U.S. at 280, 105 S.Ct. 1272 (explaining the Court’s precedent and holding that states may not prohibit nonresidents from practicing law in the state). Stated differently, the Clause prohibits states from discriminating against nonresidents’ pursuing a “common calling.” Baldwin, 436 U.S. at 383, 98 S.Ct. 1852; O’Reilly v. Bd. of Appeals, 942 F.2d 281, 284 (4th Cir.1991).
Though this prohibition is not absolute, a state’s attempt to burden a right protected by the Privileges and Immunities Clause triggers heightened judicial scrutiny. A state may only discriminate against another state’s citizens on matters that implicate the Privileges and Immunities Clause if it has a “substantial reason” for the discriminatory practice and that practice “bears a substantial relationship to the state’s objectives.” Piper, 470 U.S. at 284, 105 S.Ct. 1272; O’Reilly, 942 F.2d at 284.
Notably, the only circuit to consider an analogous citizens-only provision found that the provision did violate the Privileges and Immunities Clause. Lee v. Minner, 458 F.3d 194, 195 (3d Cir.2006). The Third Circuit in Lee held that the citizens-only provision in Delaware’s Freedom of Information Act violated the plaintiffs fundamental right to “engage in the political process with regard to matters of national importance on equal terms with state residents.” * Id. at 199. Though the court noted that Delaware had a substantial interest in establishing and defining its own political community, it dismissed the state’s argument that the citizens-only provision bore a substantial relationship to that interest, and held that denying noncitizens information did nothing to make the citizenry more cohesive. Id. at 201.
*406 The district court apparently gave little or no weight to our sister circuit’s rationale. Rather, it interpreted our decision in O’Reilly as requiring a particularly high level of interference with a noncitizen’s common calling by the state to implicate the Privileges and Immunities Clause. The district court also interpreted the Supreme Court’s decision in Piper to mean that a state must burden the right “with the aim of improving the competitive advantage of [its] citizens over noncitizens” in order to violate the Constitution. McBurney, 2009 WL 1209037, at *6-7, 2009 U.S. Dist. LEXIS 36971, at *24. Neither of these readings is correct.
In O’Reilly, we held that a Maryland licensing regulation burdened the right to pursue a common calling and violated the Privileges and Immunities Clause where it prohibited nonresident cab drivers from picking up fares in a specific county. 942 F.2d at 284. At no point did we suggest that the state had to severely burden that right in order to implicate the constitutional protection; instead we invalidated the regulation simply because it burdened the plaintiffs right, without regard to the burden’s severity or degree. Id. The extent of any burden might well be an appropriate consideration when analyzing whether the challenged action bears a “substantial relationship” to a state’s important interest, but generally is not relevant in deciding whether there is a burden in the first instance. After all, the Framers did not view one state’s discrimination against another state’s citizens in isolation, but rather considered the prospect of other states’ responding with reciprocal and retaliatory burdens that, in the aggregate, could threaten the Nation’s economic unity. See Toomer, 334 U.S. at 395-96, 68 S.Ct. 1156.
Likewise, nowhere in Piper — nor in any other case of which I am aware — has the Supreme Court limited application of the Privileges and Immunities Clause to those instances in which a state passes a statute “with the aim of improving the competitive advantage of its citizens over noncitizens.” McBurney, 2009 WL 1209037, at *6-7, 2009 U.S. Dist. LEXIS 36971, at *24. (emphasis added). The Court in Piper did not find that New Hampshire refused to license out-of-state attorneys with “the aim” of benefiting resident lawyers, but rather found that it impermissibly burdened nonresidents’ right to pursue their common calling even assuming the state’s aim was unrelated to any desire to regulate economic competition. See 470 U.S. at 283, 105 S.Ct. 1272. Again, the state’s goal is surely relevant when determining whether any burden on nonresidents’ pursuit of a common calling is justified by the state’s substantial interest, id. at 285, 105 S.Ct. 1272, but is of no moment when determining whether the challenged statute burdens a fundamental right in the first instance.
Appellant Hurlbert operates a business in California that collects and synthesizes information for a particular audience and sells it for profit. He alleges that from time to time he seeks access to information contained in Virginia’s official records as part of the services he provides to clients. And, as Judge Siler’s opinion quite correctly notes, he claims that Virginia will continue to deny him access to much of this information while providing it to Virginia residents. These allegations, if true, make out a classic common-calling claim under the Privileges and Immunities Clause.
The ability to quickly and efficiently gather and disseminate information is central to a great deal of economic activity in our aptly-named Information Age. The individual or business that can access relevant information quickest and most ■efficiently has a distinct advantage when competing in the advertising, technology, *407 entertainment, and business arenas. A statute that discriminates against a nonresident’s ability to access information therefore implicates the right to pursue a common calling in the Twenty-First century in much the same way that it would if it burdened an angler’s ability to catch fish, see Toomer, 334 U.S. at 396-97, 68 S.Ct. 1156, or a cabby’s ability to drive fares in the Twentieth, see O’Reilly, 942 F.2d at 284. Because such a statute burdens a protected right, it is then incumbent upon the state to prove that the statute withstands heightened scrutiny.
The district court did not properly engage in this analysis below. In my view, it must do so on remand when fully considering the plaintiffs’ substantive legal claims and factual contentions in order to avoid committing reversible error. As nothing in Judge Siler’s opinion suggests otherwise, I join in that opinion.

 Though the plaintiff also alleged that Delaware's provision violated his right to pursue a common calling, the court declined to address this argument. Lee, 458 F.3d at 199.